UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHARLES FOLTZ,

    Plaintiff,

    v.

DePUY ORTHOPAEDICS, INC.,
*an Indiana Corporation*,

    Defendant.

Case No. 10-cv-809-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on Defendant DePuy Orthopaedics, Inc.'s ("DePuy") unopposed Motion to Stay and Memorandum in Support Thereof (Doc. 7). Specifically, DePuy asks the Court to stay this matter until the Judicial Panel on Multidistrict Litigation ("JPML") assigns venue and a district judge to MDL-2197: *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*.

    When deciding whether to stay a case due to an ongoing, related MDL, district courts should consider both judicial economy and any prejudice or hardship that the parties would face as the result of a stay. *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005); *Bd. of Trs. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002). Here, the Court finds that it is in the interest of judicial economy to stay this matter. A stay will avoid inconsistent legal rulings and allow this case to proceed in an orderly, coordinated fashion. Moreover, because Plaintiff Charles Foltz does not oppose the instant motion, the Court can safely assume that the parties will not suffer prejudice or hardship if a stay is granted.

For the foregoing reasons, the Court **GRANTS** DePuy's Motion to Stay (Doc. 7).  More precisely, this matter shall be stayed until the JPML assigns venue and a district judge to MDL-2197: *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*.  Further, the Court **ORDERS** the parties to submit joint status reports every two months from the date of this memorandum and order.

**IT IS SO ORDERED.**
**DATED: November 15, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
